## In re BIRDSEYE. (No. 114.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. ATTORNEY AND CLIENT (§ 182*)—COLLECTION OF MONEY—LIEN.

Where an attorney collected money for his client under an agreement that he was to have 10 per cent. commission, he was not entitled to claim a lien on all the money in his hands belonging to his client for the amount of his charge, but was bound to account for and pay to his client the amount collected, which the attorney conceded was due, retaining no more than the amount due him.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

2. ATTORNEY AND CLIENT (§ 46*)—MISCONDUCT—PUNISHMENT.

Where an attorney was convicted of serious professional misconduct in refusing to account for and pay over money collected for his client, the fact that he had a good reputation at the bar, of which he had been a member for 37 years, did not justify a failure to discipline him, though it should be considered in determining whether he should be disbarred or suspended from practice.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 71; Dec. Dig. § 46.*]

Proceeding by the Association of the Bar of the City of New York against Clarence F. Birdseye, an attorney at law, on charges of professional misconduct. Sustained.

See, also, 155 App. Div. 895, 139 N. Y. Supp. 1116.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Howard Taylor, of New York City, for petitioner.

Augustus Van Wyck, of New York City, for respondent.

INGRAHAM, P. J. The charges presented against the respondent by the Association of the Bar of the City of New York involved serious professional misconduct. These charges were referred to the official referee, who, after a careful investigation, has found the respondent guilty. An examination of the testimony has satisfied us that his report was sustained, and it is therefore approved.

[1] The claim of the respondent that he was entitled to retain all of the money of his client that he had collected, because he claimed that he was entitled to 10 per cent. of it, and that he had a lien on all the money in his hands belonging to his client for the amount of his charge, cannot be sustained. He was bound to account for and pay to his client the amount of money collected by him, and which he conceded was due, and he had no right to retain more than the amount

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that he claimed to be due. Upon depositing that sum in a depository, he could claim a lien upon it, accounting to his client for the balance that he had collected.

[2] The respondent was admitted to practice in February, 1877, and has been a member of the bar for 37 years. He has devoted a large portion of his professional life to legal publications and statutory revision, and there is evidence that he has had a good reputation at the bar. These and the other facts to which the referee refers should be considered in determining whether he should be disbarred or suspended for his misconduct, but we would not be justified in failing to discipline him.

Our conclusion is that he should be adjudged guilty of professional misconduct and suspended from practice for one year, and until the further order of the court, with leave to the respondent to apply for reinstatement at the expiration of such period, upon showing that he has actually abstained from practice and has otherwise properly conducted himself. All concur.